IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00504-DGK |
| | ) | |
| J.L.E.T. ENTERPRISES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PARTIAL MOTION TO DISMISS**

This is a dispute between a franchisor and one of its franchisees. In December 2016, Plaintiff Three Dog Bakery, LLC ("Three Dog Bakery"), entered into a franchise agreement with parties not now before the Court to establish a bakery specializing in dog treats in St. Petersburg, Florida, using Three Dog Bakery's licensed marks, proprietary recipes, and business system. This franchise agreement was assigned to another party in 2020. In June 2023, the franchise agreement was assigned again, this time to Defendants J.L.E.T. Enterprises, Joseph C. Naughton, and Lynette Naughton ("Defendants"). This 2023 assignment assigned the rights and obligations of the 2016 franchise agreement to Defendants. On May 16, 2025, Three Dog Bakery informed Defendants that it was terminating the franchise agreement due to Defendants' failure to report their "Gross Sales, Net Sales, and Royalty Sales" as required by the franchise agreement. The termination became effective May 18, 2025. On July 1, 2025, Three Dog Bakery brought claims for damages against Defendants for breach of contract, violation of the Missouri Uniform Trade Secrets Act, and violation of the Defend Trade Secrets Act. ECF No. 1.

Now before the Court is Defendants' Partial Motion to Dismiss. ECF No. 8. Defendants seek to dismiss Counts II and III of the complaint, arguing Plaintiff has failed to state claims for

violations of the Missouri Uniform Trade Secrets Act and the Defend Trade Secrets Act. Plaintiff argues it has pled sufficient facts to state these claims.

More specifically, Defendants argue that Counts II and III should be dismissed because Plaintiff failed to give 90-days' notice of Plaintiff's termination of the franchise agreement, as required by Mo. Rev. Stat. § 407.405.  ECF No. 5 at 5.  Consequently, according to Defendants, the termination was invalid, Defendants maintained their contractual rights to Three Dog Bakery's licensed marks and business system, and therefore cannot have been in violation of either the Missouri Uniform Trade Secrets Act or the Defend Trade Secrets Act.  *Id.* at 6.

Defendants' argument fails.  Mo. Rev. Stat. § 407.410.2 provides that "[a] franchisee suffering damage as a result of the failure to give notice as required of the cancellation or termination of a franchise, may institute legal proceedings . . . against the franchisor who cancelled or terminated his franchise . . . ."  That is, the statute creates a cause of action, not an affirmative defense to defeat Plaintiff's claims at the pleading stage.  Thus, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Date:  October 7, 2025               /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT