IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00504-DGK |
| | ) | |
| J.L.E.T. ENTERPRISES, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

This is a dispute between a franchisor and one of its franchisees. In December 2016, Plaintiff Three Dog Bakery, LLC ("Three Dog Bakery"), entered into a franchise agreement with parties not now before the Court to establish a bakery specializing in dog treats in St. Petersburg, Florida, using Three Dog Bakery's licensed marks, proprietary recipes, and business system. This franchise agreement was assigned to another party in 2020. In June 2023, the franchise agreement was assigned again, this time to Defendants J.L.E.T. Enterprises, Joseph C. Naughton, and Lynette Naughton ("Defendants"). This 2023 assignment assigned the rights and obligations of the 2016 franchise agreement to Defendants. On May 16, 2025, Three Dog Bakery informed Defendants that it was terminating the franchise agreement due to Defendants' failure to report their "Gross Sales, Net Sales, and Royalty Sales" as required by the franchise agreement. The termination became effective May 18, 2025. On July 1, 2025, Three Dog Bakery brought claims for damages against Defendants for breach of contract, violation of the Missouri Uniform Trade Secrets Act, and violation of the Defend Trade Secrets Act. ECF No. 1. On July 23, 2025, Defendants filed a counterclaim complaint. ECF No. 11.

Now before the Court are (1) Plaintiff's Partial Motion to Dismiss for Failure to State a Claim; and (2) Motion to Strike. ECF No. 16. Plaintiff seeks to dismiss Counts I and II of Defendants' counterclaim complaint, arguing Defendants have failed to state claims for breach of contract and breach of the covenant of good faith and fair dealing. Defendants argue they have pled sufficient facts to state these claims.

Plaintiff's motion to dismiss is DENIED. Accepting Defendants' allegations as true, Plaintiff has not shown that Counts I and II are insufficiently pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's motion to dismiss is based on a misconstrual of Defendants' claims, as Defendants' suggestions in opposition show. *See* ECF No. 21 at 5–7. This ruling does not suggest that Defendants' counterclaim complaint has merit or that Plaintiff may not ultimately prevail on a more developed record. But a dismissal at this stage would be improper.

Plaintiff's motion to strike fares no better. A party may move the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But this "is an extreme and disfavored measure," *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), and the Eighth Circuit has observed that "this remedy . . . often is sought by the movant simply as a dilatory or harassing tactic," *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (internal quotations omitted). Plaintiff has failed to meet this heavy burden here. This ruling does not suggest the paragraphs in question are relevant to these proceedings; the Court is simply holding that they will not be stricken at this time.

**IT IS SO ORDERED.**

Date: October 7, 2025    /s/ Greg Kays
                         GREG KAYS, JUDGE
                         UNITED STATES DISTRICT COURT